UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON LOUISE MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:21-CV-493-NAB |
| ) | |
| CHRIS MCBEE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The petition appears to be barred by § 2254's one-year limitations period and for petitioner's failure to exhaust available state court remedies. For these reasons, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

**Background**

On November 24, 2009, petitioner was charged with a class B felony of distribution of a controlled substance in two cases. *See State v. Miller*, Case No. 10L6-CR00050-01 and *State v. Miller*, Case No. 10L6-CR00051-01 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). On November 5, 2010, petitioner pled guilty in both cases. On January 24, 2011, petitioner was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections with allowance for long term drug treatment.

On June 21, 2011, petitioner filed a motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. In her motion, petitioner requested to be put on probation because she was unsuccessful in long term drug treatment. On May 23, 2012,

the motion court held a hearing, vacated the sentences, and resentenced petitioner in each case, but suspended the execution of sentences and placed her on probation. On January 27, 2014, petitioner's probation was revoked, and the sentences were ordered to be executed after she was arrested for a separate drug offense.

On March 24, 2014, petitioner filed a timely motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 24.035. *See Miller v. State*, Case No. 14L6-CC00036 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). Petitioner was appointed counsel and an amended motion was filed on August 18, 2014. Subsequent to an evidentiary hearing, the circuit court denied relief on March 17, 2015. Petitioner filed an appeal on April 20, 2015. The appeal was denied, and the Missouri Court of Appeals of the Eastern District issued its mandate on September 17, 2015. *See Miller v. State*, No. ED102883 (Mo. Ct. App. E.D.).

At some point in 2019, petitioner was granted parole release, which was subsequently revoked, and she was remanded back into custody. On October 16, 2020, petitioner filed a second motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 24.035, in which she raised issues related to her plea, sentencing, and parole revocation. *See Miller v. State*, Case No. 20L6-CC00129 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). On February 11, 2021, petitioner's motion was denied as untimely and successive as to the plea and sentencing issues. *Id.* As to her parole revocation challenge, the circuit court determined it was not cognizable in a postconviction relief action. *Id.*

## Discussion

Petitioner, who is currently incarcerated at Chillicothe Correctional Center, filed the instant 28 U.S.C. § 2254 petition for habeas corpus relief on April 19, 2021. The petition asserts four grounds challenging the revocation of her parole only.

**A. Timeliness**

The Court will first address the timeliness of the instant petition. The limitations period is governed by 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The limitations period for challenging a parole revocation decision begins when the revocation order is issued. *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003).

3

This is because, pursuant to § 2244(d)(1)(D), claims related to the revocation of parole or to alleged constitutional errors during those revocation proceedings depend upon facts that could not have been known to petitioner until the time of such proceedings. *See Bergeron v. Schnell*, Case No. CV 20-0701-SRN-BRT, 2020 WL 6550663, at *2 (D. Minn. Oct. 1, 2020), *report and recommendation adopted*, Case No. 20-CV-701SRNBRT, 2020 WL 6550549 (D. Minn. Nov. 6, 2020). *See also Van Zant v. Florida Parole Commission*, 308 Fed. App'x 332, 334 (11th Cir. 2009) (per curiam) ("Although the revocation of [petitioner's] parole is an administrative action, it is considered to be pursuant to a judgment of a state court, properly governed by . . . 28 U.S.C. § 2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d).").

Within the instant petition, petitioner appears to assert that her parole was revoked on December 4, 2019.[1] ECF No. 1 at 6. On October 16, 2020, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 24.035, in which she challenged, in part, her parole revocation. *See Miller v. State*, Case No. 20L6-CC00129 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). On February 11, 2021, the circuit court denied her parole revocation challenge finding it was not cognizable in a postconviction relief action. *Id.* Because the state court determined that it did not have the authority to consider petitioner's parole revocation claims under Rule 24.035, it was not a proper motion that tolled the statute of limitations. *See Taylor v. Wallace*, Case No. 4:13-CV-2197-SNLJ-ACL, 2017 WL 650599, at *4 (E.D. Mo. Jan. 11, 2017) (citing *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006)). Petitioner filed this action on April 19,

---

[1] This Court reviewed petitioner's state court case on Case.net, Missouri's online case management system, but could not definitely confirm the date of the parole revocation decision. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

4

2021, more than one year after the alleged parole revocation. Therefore, it appears to be time-barred.

Petitioner will, therefore, be directed to show cause in writing as to why the instant § 2254 petition should not be dismissed as time-barred.

**B. Exhaustion of State Remedies**

The instant petition also appears to be subject to dismissal for failure to exhaust available state remedies. A state prisoner must exhaust available state remedies before obtaining federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his or her remedies "if [petitioner] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

If a prisoner is granted parole and released, violates the conditions of her parole, has her parole revoked, and is sent back to prison, she may seek relief pursuant to § 2254, but she must first exhaust her state court remedies. A Missouri prisoner must exhaust state court remedies by challenging the parole decision via one of three avenues provided by Missouri law: by bringing a declaratory action against the Board of Parole and Probation, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Although petitioner states in her petition that she "filed [an] appeal with the Probation and Parole Board," she does not explicitly assert that she has brought this matter to the Missouri Courts through a declaratory action against the Parole Board, a writ of mandamus against the Board, or a state petition for habeas corpus.

Petitioner will, therefore, be directed to show cause in writing as to why the instant § 2254 petition should not be dismissed for failure to exhaust available state remedies. In her response,

petitioner should provide the Court with some evidence that she has made one of the three appropriate filings in state court prior to initiating the instant action in this Court.

### C. Motion for Appointment of Counsel

Petitioner has also filed a motion to appoint counsel. ECF No. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent [litigant] has stated a non-frivolous claim . . . and where the nature of the litigation is such that [litigant] as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, No. 16-3891, 2018 WL 4210497, at *3 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has demonstrated, at this point, that she can adequately present her claims to the Court. The Court will entertain future motions for appointment of counsel, if any, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than thirty (30) days from the date of this Order, June 21, 2021**, why this action should not be dismissed as time-barred and for failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed, without prejudice.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of May, 2021.