UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANNON LOUISE MILLER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-493-NAB |
| CHRIS MCBEE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the Court's order to show cause as to why this habeas corpus action should not be dismissed as time-barred or for failure to exhaust available state remedies. ECF No. 9. Having carefully reviewed petitioner's response, the Court finds that it fails to address either the timeliness or the exhaustion issues. For the reasons discussed below, and in consideration of petitioner's self-represented status, the Court will provide petitioner an additional twenty-one (21) days to file an appropriate response to this Court's May 21, 2021 Memorandum and Order.

### Background

On November 24, 2009, petitioner was charged with a class B felony of distribution of a controlled substance in two cases. *See State v. Miller*, Case No. 10L6-CR00050-01 and *State v. Miller*, Case No. 10L6-CR00051-01 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). On November 5, 2010, petitioner pled guilty in both cases. On January 24, 2011, petitioner was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections with allowance for long term drug treatment.

1

On June 21, 2011, petitioner filed a motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. In her motion, petitioner requested to be put on probation because she was unsuccessful in long term drug treatment. On May 23, 2012, the motion court held a hearing, vacated the sentences, and resentenced petitioner in each case, but suspended the execution of sentences and placed her on probation. On January 27, 2014, petitioner's probation was revoked, and the sentences were ordered to be executed after she was arrested for a separate drug offense.

On March 24, 2014, petitioner filed a timely motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 24.035. *See Miller v. State*, Case No. 14L6-CC00036 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). Petitioner was appointed counsel and an amended motion was filed on August 18, 2014. Subsequent to an evidentiary hearing, the circuit court denied relief on March 17, 2015. Petitioner filed an appeal on April 20, 2015. The appeal was denied, and the Missouri Court of Appeals of the Eastern District issued its mandate on September 17, 2015. *See Miller v. State*, No. ED102883 (Mo. Ct. App. E.D.).

At some point in 2019, petitioner was granted parole release, which was subsequently revoked, and she was remanded back into custody. On October 16, 2020, petitioner filed a second motion to vacate, set aside, or correct sentence pursuant to Missouri Supreme Court Rule 24.035, in which she raised issues related to her plea, sentencing, and parole revocation. *See Miller v. State*, Case No. 20L6-CC00129 (45th Jud. Dist., Cir. Ct. of Lincoln Cty.). On February 11, 2021, petitioner's motion was denied as untimely and successive as to the plea and sentencing issues. *Id.* As to her parole revocation challenge, the circuit court determined it was not cognizable in a postconviction relief action. *Id.*

**Discussion**

On April 19, 2021, petitioner filed the instant action for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging the revocation of her parole. ECF No. 1. On May 21, 2021, the Court reviewed the petition and found that it appeared to be subject to dismissal for untimeliness and failure to exhaust state court remedies. ECF No. 8.

First, as to the timeliness issue, the Court noted that the one-year limitations period for challenging a parole revocation decision begins when the revocation order is issued. *Id.* at 3-8 (citing *Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003)). Petitioner claimed her parole was revoked on December 4, 2019.[1] ECF No. 1 at 6. Because petitioner filed this action on April 19, 2021, more than one year after the alleged revocation, the Court found that the petition appeared to be time-barred.

Second, a Missouri prisoner must exhaust state court remedies prior to filing a § 2254 petition by challenging the parole decision through one of three avenues provided by Missouri law: by bringing a declaratory action against the Board of Parole and Probation, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Id.* at 5 (citing *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996)). The Court acknowledged petitioner's assertion that she "filed [an] appeal with the Probation and Parole Board," however, she did not explicitly state that she brought this matter to the Missouri Courts through a declaratory

---

[1] This Court reviewed petitioner's state court case on Case.net, Missouri's online case management system, but could not definitively confirm the date of the parole revocation decision. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

action against the Parole Board, a writ of mandamus against the Board, or a state petition for habeas corpus.

Consequently, petitioner was directed to show cause in writing as to why her § 2254 petition should not be dismissed for untimeliness and for failure to exhaust available state remedies. The Court further directed her to include evidence with her response showing that she made one of the three appropriate filings in state court prior to filing her petition. Petitioner had thirty (30) days to respond, or until June 21, 2021.

On June 3, 2021, petitioner filed a twenty-page handwritten document. ECF No. 9. Plaintiff filed no other response, and the time for doing so has passed. The June 3, 2021 filing is disorganized, lengthy, and repetitive, making it difficult for the Court to decipher the specific assertions. However, petitioner appears to allege that various individuals violated her Eighth Amendment and Due Process rights while she was incarcerated. Among other allegations, plaintiff states a Functional Unit Manager failed to keep her safe, three parole officers allowed fellow inmates to abuse her, the Board of Probation and Parole did not give her credit for certain time served, and the Mental Health Department neglected her medical needs. Included with the filing are copies of an Informal Resolution Request and Grievance Appeal she filed with the Missouri Department of Corrections regarding her ineligibility for a treatment program and issues with a damaged shower stool.

Petitioner's filing is not in compliance with the Court's May 21, 2021 instructions, which directed petitioner to show cause as to why this habeas corpus action should not be dismissed as time-barred or for failure to exhaust available state remedies. To the contrary, the filing appears to be an attempt to initiate a civil action under 42 U.S.C. § 1983. Both the federal habeas corpus

statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. Generally, a prisoner's challenge to the validity of her confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action.

Here, petitioner initiated the instant action by filing a form 'Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.' ECF No. 1. Plaintiff asserted four grounds for relief challenging her parole revocation. *Id.* Plaintiff's supplemental filing, however, appears to be an attempt to file an action seeking relief under 42 U.S.C. § 1983. The Court will not allow plaintiff to proceed under both statutes simultaneously in one action. If petitioner wishes to bring a civil rights action pursuant to § 1983, she must file a separate action, seeking separate relief under that statute. Because petitioner's June 3, 2021 filing appears to be an inappropriate attempt to proceed with a "hybrid" action of some sort, where plaintiff is seeking relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2254, it will be stricken from the record of this habeas corpus action.

However, in consideration of petitioner's self-represented status, the Court will provide her with the opportunity to appropriately respond to this Court's May 21, 2021 Order. Plaintiff will have an additional twenty-one days to show cause in writing as to why the instant § 2254 petition should not be dismissed as time-barred or for petitioner's failure to exhaust her administrative remedies. In her response, petitioner must provide the Court with some evidence that she has made one of the three appropriate filings in state court prior to initiating the instant habeas corpus action.

5

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order, <u>July 15, 2021</u>,** why this action should not be dismissed as time-barred and for failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that petitioner's supplemental petition [ECF No. 9] is **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of this Court's May 21, 2021 Memorandum and Order. [ECF No. 8]

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

 

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2021.