# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON LOUISE MILLER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 4:21-cv-493-JAR |
| CHRIS MCBEE, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Shannon Louise Miller's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1. Her petition asserts four grounds for relief, but as explained below, none of these grounds are properly presented here. Accordingly, the Court must deny Miller's petition.

## BACKGROUND

In 2010, Miller pleaded guilty in Missouri circuit court to second-degree assault[1] and two counts of distribution of a controlled substance.[2] She was sentenced to a term of imprisonment for seven years for the assault offense and a term of imprisonment for twelve years for the distribution offenses, each with allowance for long term drug treatment. ECF No. 30-1 at 1. Shortly after sentencing, Miller moved to vacate, set aside, or correct her sentences because "she had been unsuccessful in long term drug treatment through no fault of her own." ECF No. 30-1 at 2. On May 23, 2012, by agreement, the motion court vacated Miller's sentences, resentenced her to the same terms of imprisonment, suspended execution of her sentences, and placed Miller on a term of probation for five years. *Id.*

---

[1] Case No. 08L6-CR01926-01.
[2] Case No. 10L6-CR00050-01 and 10L6-CR00051-01.

Miller's probation was revoked in 2014 when she tested positive for drugs and was arrested on another drug offense. ECF No. 30-1 at 2. Miller again moved for post-conviction relief under Rule 24.035, arguing that she should have been placed in drug court instead of having her probation revoked and that her guilty pleas were involuntary because of her counsel's ineffective assistance. After a hearing, the Circuit court denied Miller's motion, in part because "[a]n attack on a probation ruling does not constitute a challenge to a sentence and is, therefore, beyond the scope of a Rule 24.035 proceeding[,]" *Id.* at 3 (citing *Prewitt v. State* 191 S.W.3d 709, 711 (Mo. Ct. App. W.D. 2006)), and in part because her claims were meritless. Miller appealed the motion court's decision, but her appeal was dismissed on procedural grounds. ECF No. 30-2.

Miller was released on parole in April 2019, but in January 2020, the Missouri Board of Probation and Parole revoked Miller's parole because it found that she had violated seven conditions of her parole. ECF No. 30-6. Miller waived a final revocation hearing. *Id.* She nonetheless moved for post-conviction relief under Rule 24.035, identifying "a number of issues, some of which appear to relate back to the plea and/or sentencing while others appear to relate to the recent parole revocation and conditions of current confinement." ECF No. 30-4 at 2. The court denied Miller's motion as untimely, successive, and improperly challenging her parole revocation. *Id.*

Miller now petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Although her handwritten complaint is sometimes illegible and difficult to follow, she asserts the following grounds for relief:

1) Parole violated because my Constitutional Rights were clearly violated. Grand jury tainted, evidence missing, illegal search and seizure. Captain Taylor lied several times on reports.

2

2) Because other violations issued were a direct result of tainted and dismissed Cause No. 19L6-CR00762-01 till issued 3 reports 10/[Q?]/19 – 12/2-19 returned to MODOC 12/4/19 after spending 10 hours county jail – Laid me down for 2 ½ add. years.

3) MODOC/Missouri Parole Board has stipulated me to ITC, which I am ordered eligible for via Court and appeal order May 23, 2012.

4) MODOC/Gateway refused to accept medical records indicating ineligibility. Also refused to request testing which would allow the adherence to the Court order from 2012.

ECF No. 1.

## DISCUSSION

28 U.S.C. § 2254 allows a state prisoner to move for a writ of habeas corpus in federal court on the ground "that [s]he is in custody in violation of the Constitution or laws or treatises of the United States." The motion shall not be granted unless it appears "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1).

In Grounds 1 and 2, Miller appears to challenge the constitutionality of her January 2020 parole revocation, but Miller did not assert her claims in a Missouri court in accordance with its procedural rules. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). Although Miller filed a Rule 24.035 motion challenging her parole revocation, the motion court denied the motion because her claims were not properly presented. Not only was her motion untimely and successive, but it also challenged her probation and parole revocation, issues not cognizable on a Rule 24.035 motion. ECF No. 30-4 at 2. That rule "allows only challenges to the validity of judgments of convictions or sentences, and then only on specified grounds." *Teter v. State*, 893 S.W.2d 405 (Mo Ct. App. 1995) (quoting *Wood v. State*, 853 S.W.2d 369, 370 (Mo. Ct. App. 1993)). "The proper remedy" for claims challenging parole revocation "is habeas corpus." *Id.* at

406; *see* Mo. Sup. Ct. R. 91 ("Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint.").

Because Miller did not properly assert Grounds 1 and 2 in state court, her claims are procedurally defaulted and cannot be reviewed by this Court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Miller has not attempted to demonstrate cause and actual prejudice or a fundamental miscarriage of justice. The Court must therefore deny Grounds 1 and 2 as procedurally defaulted.

Grounds 3 and 4 likewise fail. These grounds for relief are particularly difficult to parse, and Respondent has proposed three different interpretations of Miller's assertions: (1) the trial court erred because Miller should have had institutional drug treatment;[3] (2) the Missouri Board of Probation and Parole erred by revoking Miller's parole in 2020; or (3) Miller does not like the presumptive parole date selected by the Board for her early release. Even if Miller properly presented these claims before a Missouri court—and it is not clear to the Court that she has done so—the Court may not grant Miller's petition unless the Missouri court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." § 2254(d). Because Miller has not attempted to explain how a Missouri Court unreasonably applied clearly established Federal law or made

---

[3] The Court understands Miller to argue the opposite of Respondent's first interpretation. Although in Ground 3 Miller states that she is eligible for ITC, in her description of Ground 4 she states, "I have told both Gateway and MODOC / Parole Board that I am ineligible for ITC program – Court ordered but all refused to listen, won't look up or accept the medical records I've been able to attain . . . after months of requests." ECF No. 1 at 9.

4

an unreasonable determination of the facts in light of the evidence presented, the Court must deny Grounds 3 and 4 as well.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Shannon Louise Miller's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because Miller has not made a substantial showing of a denial of a constitutional right.

An appropriate Judgment is entered herewith.

Dated this 13th day of June 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE